**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| NATHANIEL WEST, )<br>   )   CASE NO. 1:06CV1123<br>           Petitioner, )<br>   )   JUDGE PATRICIA A. GAUGHAN<br>      v. )<br>   )   MAGISTRATE JUDGE VECCHIARELLI<br>MARGARET BRADSHAW, Warden, )<br>   )   **REPORT & RECOMMENDATION**<br>           Respondent. ) | |

Petitioner, Nathaniel West ("West"), challenges the constitutionality of his conviction in the case of *State v. West*, Lorain County Common Pleas Case No. 03-CR-062683. West, represented by counsel, filed a Petition for Writ of Habeas Corpus (Doc. No. 1) pursuant to 28 U.S.C. § 2254 on May 5, 2006 with the United States District Court for the Northern District of Ohio. This matter is before the undersigned Magistrate Judge pursuant to Local Rule 72.2. For reasons set forth in detail below, the Magistrate Judge recommends West's petition (Doc. No. 1) be DENIED.

## I.  Procedural Background

**A.     Conviction**

The Lorain County Grand Jury indicted West for the following: count one, aggravated murder in violation of Ohio Revised Code ("O.R.C.") § 2903.01(A) with capital murder specifications; count two, aggravated murder in violation of O.R.C. § 2903.01(B) with capital murder specifications; count three, attempted aggravated murder in violation of O.R.C. §§ 2923.02(A) & 2903.01(A); count four, attempted aggravated murder in violation of O.R.C. §§ 2923.02(A) & 2903.01(B); count five, kidnapping in violation of O.R.C. § 2905.01(A)(2); count six, kidnapping in violation of O.R.C. § 2905.01(B)(1) & (2); count seven, aggravated burglary in violation of O.R.C. § 2911.11(A)(1); count eight, aggravated burglary in violation of O.R.C. § 2911.11(A)(2); and count nine, felonious assault in violation of O.R.C. § 2903.11(A)(2).  (Doc. No. 8, Exh. A.)  The indictment stemmed from the events of March 15, 2003 when West forced his way into the home of Kimberly Barker, whom he assaulted at knife point, and thereafter killed Brent Tyler.  (Doc. No. 8, Exh. J at 2.)

Initially, West pled "not guilty."  Later, West withdrew his former plea and entered a plea of "not guilty by reason of insanity."  (Doc. No. 8, Exh. B.)  West also filed a motion for determination of competency.  On October 2, 2003, the trial court found West was competent to stand trial.  (Doc. No. 8, Exh. C.)  On February 23, 2004, West withdrew his plea of not guilty by reason of insanity but maintained his plea of "not guilty."  (Doc. No. 8, Exh. D.)

On July 14, 2004, West entered into a negotiated plea agreement and pled guilty to the following: count one, a felonious assault charge with no specification reduced from aggravated murder with a capital specification; count two, felony murder in violation of O.R.C. §

2

2903.02(B) with no specification reduced from aggravated murder with a capital specification;[1] count six, kidnapping; count eight, aggravated burglary; and count nine, second degree felonious assault.  (Doc. No. 8, Exhs. E & N.)  In turn, the following counts were dismissed: counts three and four alleging attempted aggravated murder; count five, one of the two counts of kidnapping; and count seven, one of the two counts of aggravated burglary.  (Doc. No. 8, Exhs. E & N.)  The Court accepted West's plea.  (Doc. No. 8, Exh. F.)

On July 23, 2004, West was sentenced to two years imprisonment on felonious assault (count one), fifteen years to life for felony murder (count two) with the sentences to run consecutively.  The terms of imprisonment for kidnapping (count six) and aggravated burglary (count eight) were to be served concurrently with the felony murder sentence.[2]  (Doc. No. 8, Exhs. G & N at 9.)  During the sentencing hearing, West made an oral motion to withdraw his plea on the basis that: (1) he did not understand the charges against him at the time he pled guilty to them and (2) he had new evidence that could exculpate him of some of the charges.  (Doc. No. 8, Exh. O at 2-4.)  The trial court denied West's motion to withdraw his plea.  (Doc. No. 8, Exh. O at 6.)

**B.    Direct Appeal**

On August 17, 2004, West, represented by counsel, appealed his conviction to the Ninth

---

[1] The prosecutor indicated that the felonious assault in count one was necessary as the predicate offense to sustain a conviction under the felony murder statute.  (Doc. No. 8, Exh. N at 2.)

[2] Count one felonious assault was merged with count nine felonious assault for sentencing.  (Doc. No. 8, Exh. O at 15.)

3

District Court of Appeals ("state appellate court") and raised the following assignments of error:[3]

1. Defendant was denied due process of law when he entered pleas of guilty when he did not receive real notice of the true nature of the charge.

2. Defendant was denied due process of law when the court refused to allow defendant to withdraw his plea.

3. Defendant was denied due process of law when the court did not allow defendant to withdraw his pleas of guilty where the prosecutor claimed a breach of plea bargain agreement.

4. Defendant was denied due process of law when he was convicted on a plea of guilty in a capital case without following the statutory procedures for accepting a plea in a capital case.

(Doc. No. 8, Exh. H.) On March 11, 2005, the state appellate court issued its opinion and affirmed the trial court's judgment. (Doc. No. 8, Exh. J.)

Thereafter, on April 19, 2004, West filed an appeal with the Ohio Supreme Court and raised the same assignments of error. (Doc. No. 8, Exh. K.) On August 10, 2005, the Ohio Supreme Court denied West's motion for leave to appeal as not involving any substantial constitutional question. (Doc. No. 8, Exh. M.)

**C.** **Federal Habeas Petition**

On May 5, 2006, West filed a Petition for Writ of Habeas Corpus. (Doc. No. 1.) The asserted grounds for relief are as follows:

> Ground One: Petitioner was denied due process of law when he entered a plea of guilty without petitioner being informed and receiving real notice of the true nature of the charge to which he was entering a plea of guilty which was an amended charge.
>
> Ground Two: Petitioner was denied due process of law when the

---

[3] It appears West has been represented by the same counsel before the trial court, the appellate courts, and now before the District Court.

> court refused to allow petitioner to withdraw his plea of guilty. Petitioner did not understand the nature of the offense and the consequence of his plea and timely moved to withdraw his plea. Moreover petitioner should have been allowed to withdraw his plea where the prosecutor claimed there had been a breach of a plea bargain agreement.
>
> Ground Three: Petitioner was indicted in a capital case.  Petitioner entered a plea of guilty before a single judge.  The Ohio law, consistent with due process of law, required the selection of a three judge panel and the presentation of evidence to a three judge panel. No evidence was presented and no three judge panel was convened.

(Doc. No. 1.)

## II.  Procedural Default

Respondent does not assert that West's claims are procedurally defaulted and it appears that all of West's claims before this Court were raised on direct appeal before the state appellate court and the Ohio Supreme Court.

## III.  Review on the Merits

This case is governed by provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (April 24, 1996), because West filed his habeas petition after the effective date of AEDPA.  *See Lindh v. Murphy*, 521 U.S. 320, 326-27, 337 (1997).  The relevant provisions of AEDPA state:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the

5

facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (1996).

Federal courts are bound by a state court's determination of a petitioner's claims, unless the decision by the state court involved an unreasonable application of clearly established federal law. *Franklin v. Francis*, 144 F.3d 429, 433 (6th Cir.1998). In *Williams v. Taylor*, 529 U.S. 362, 411 (2000), the Supreme Court held that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Stated differently, "a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. at 413. The Court noted that the term "unreasonable" is "no doubt difficult to define," but did not expound on the word's meaning in this context, instead stating that "it is a common term in the legal world, and, accordingly, federal judges are familiar with its meaning." *Id*. at 410. The Sixth Circuit interprets the *Williams* test to mean if a court "believe[s] that a state court incorrectly applied federal law, [it] must refuse to issue the writ of habeas corpus if [it] finds that the state court's decision was a reasonable one." *Machacek v. Hofbauer*, 213 F.3d 947, 953 (6th Cir. 2000).

**A.      Ground One: Trial Court Failed to Inform West of the True Nature of the Charges**

In ground one of his petition, West argues that the trial court erred when it accepted his guilty plea without informing him and giving him notice of the true nature of the charges to which he was entering a plea of guilty. Specifically, West argues that his pleas were not voluntarily, knowingly or intelligently given because the trial court did not inform him of the

6

elements of each offense.  The state appellate court, relying on United States Supreme Court precedent, Ohio Crim. R. 11, and the Ohio Supreme Court's interpretation of federal law, affirmed the trial court's judgment.  *State v. West*, 2005 Ohio App. LEXIS 1006, 2005-Ohio-990 at ¶¶7-18 (Ohio Ct. App. 2005).  It found that, based on the totality of the circumstances, West had an appropriate understanding of the charges to which he pled guilty.[4]  *Id*. at ¶18.

A guilty plea is only valid if it is entered knowingly, voluntarily, and intelligently by a criminal defendant.  *See United States v. Dixon*, 479 F.3d 431, 434 (6th Cir. 2007), *citing Brady v. United States*, 397 U.S. 742, 748, 90 S. Ct. 1463 (1970) ("Waivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences.").  The trial court must verify that a "defendant's plea is voluntary and that the defendant understands his or her applicable constitutional rights, the nature of the crime charged, the consequences of the guilty plea, and the factual basis for concluding that the defendant committed the crime charged.")  *Id*., *quoting United States v. Webb*, 403 F.3d 373, 378-79 (6th Cir. 2005); *United States v. Goldberg*, 862 F.2d 101, 106 (6th Cir. 1988).

West argues that "the elements of the new form of murder were never explained by the

---

[4] The state appellate court's decision was based on the following: (1) the State read the amended charges into the record and explained the parameters of the plea agreement; (2) the trial court carefully articulated the charges against West and the potential prison term each charge carried; (3) the trial court asked West after each charge whether he understood the charge and potential prison term; (4) the trial court informed West of the various rights he was waiving by pleading guilty; (5) the trial court inquired of West whether any promises or representations had been made to induce his guilty plea other than the plea agreement; and (6) West verified his signature on the plea agreement, stated that he reviewed the agreement with his attorney, and indicated that he understood the agreement and was satisfied with the outcome of his case.  *West*, 2005-Ohio-990 at ¶¶13-14.

court" before he entered his plea.  (Doc. No. 9 at 4.)  West relies on *Stumpf v. Mitchell*, a Sixth Circuit decision where the Court found a guilty plea was involuntary because the defendant did not understand the specific intent element of the charge and, therefore,  "did not possess an understanding of the aggravated murder charge to which he pleaded guilty."  367 F.3d 594 (6th Cir. 2004), *rev'd in part and vacated in part by Bradshaw v. Stumpf*, 545 U.S. 175, 182-183 (2005).  The Supreme Court found that the Sixth Circuit "erred in finding that Stumpf had not been properly informed before pleading guilty [because] ... his attorneys represented on the record that they had explained to their client the elements of the aggravated murder charge; Stumpf himself then confirmed that this representation was true."  545 U.S. at 183.  The Supreme Court further explained that it has never held that it must be the judge who explains the elements of each charge to the defendant on the record and that "the constitutional prerequisites of a valid plea may be satisfied where the record accurately reflects that the nature of the charge and the elements of the crime were explained to the defendant by his own, competent counsel." *Id*.; *see also Henderson v. Morgan*, 426 U.S. 637, 647, 96 S. Ct. 2253 (1976) ("Normally the record contains either an explanation of the charge by the trial judge, or at least a representation by defense counsel that the nature of the offense has been explained to the accused [but] even without such an express representation, it may be appropriate to presume that in most cases defense counsel routinely explain the nature of the offense in sufficient detail to give the accused notice of what he is being asked to admit.")

      Applying *Henderson*, the Sixth Circuit Court of Appeals has observed that "a defendant should be presumed to have been informed adequately by his counsel of the charge to which he pleaded guilty even when the record is devoid of an explanation of the charge by the judge or of

8

a representation by defense counsel that the nature of the charge has been explained to the defendant," especially where trial counsel is an experienced criminal attorney.  *Berry v. Mintzes*, 726 F.2d 1142, 1147 (6th Cir. 1984) (finding, however, that the *Henderson* presumption need not be invoked because the defendant stated on the record that he had discussed his plea with counsel.)

Upon review of the transcript of the plea proceedings, it appears that the trial court read the amended charges into the record and explained to West the potential prison term he could face if he pled guilty to the charges.  (Doc. No. 8, Exh. N at 4-7.)  In addition, the trial court explained to West the various constitutional rights he was relinquishing by pleading guilty to the charges.  (Doc. No. 8, Exh. N at 7-8.)  Furthermore, the trial court asked West if his agreement was the result of any threats or promises to which responded "no."  (Doc. No. 8, Exh. N at 9.)  . Finally, West verified to the court that it was his signature on the plea agreement, that he and his attorney had reviewed the plea agreement, and that he was "absolutely" satisfied with his attorney's legal services.  (Doc. No. 8, Exh. N at 10.)  The trial court even asked West if anything transpired in court that he did not understand or whether there was "any information on this yellow plea sheet that you are confused about or that you think might be wrong?"  (Doc. No. 8, Exh. N at 10.)  West answered: "No, my attorneys pretty much cleared it up."  (Doc. No. 8, Exh. N at 10.)  Counsel has not averred that he failed to explain the nature of the charges to West.

The facts of this matter are similar to the facts addressed by the Sixth Circuit in *Berry*, *supra*, 726 F.2d at 1147.  Not only may the Court presume that West's defense counsel explained the nature of the charges against him, but West stated on the record that he had discussed his

9

plea with counsel. Given the representation by West that he and his attorney discussed the charges to which he pled guilty, any deficiency in the trial court's explanation of the elements of the charges cannot provide the basis for finding West's plea was involuntary. Thus, the state court's application of *Henderson* was not an unreasonable application of federal law.

Therefore, West's claim that his plea was not made voluntarily because he lacked knowledge of the elements of the charges lacks merit and should be dismissed.

**B.  Ground Two: West was Denied Due Process of Law When the Court Refused to Allow Him to Withdraw His Guilty Plea**

In ground two of his petition, West argues he was denied due process of law when the court refused to allow him to withdraw his plea of guilty.

To some extent, ground two merely reiterates West's argument from ground one because he alleges that he should have been allowed to withdraw his guilty plea because he did not understand the nature of the offense and the consequence of his plea and timely moved to withdraw his plea. (Doc. No. 1 at 9.) As the Court has already rejected West's argument that his guilty plea was not made voluntarily, knowingly, or intelligently, there is no need to address it again.

West also argues that he should have been allowed to withdraw his plea because the prosecutor claimed there had been a breach of a plea bargain agreement. (Doc. No. 1.) West relies upon the case of *Santobello v. New York*, 404 U.S. 257, 262 (1971) in support of his argument. *Santobello* is inapposite, as it addresses a breach of the plea agreement by the prosecutor. *Id*. The case before this Court does not involve a breach of the plea agreement by the prosecutor. In fact, it is the prosecutor who alleges that West breached the plea agreement by refusing to allocute at the sentencing hearing. (Doc. No. 8, Exh. O at 5.) West has not alleged

10

that the prosecutor has breached any promises made to West as part of the plea agreement. (Doc. No. 8, Exh. O at 5.) In addressing West's assigned error, the state appellate court applied principles of contract law.

> [West] next has argued that his refusal to allocute at sentencing pursuant to the plea agreement constituted his breach of the plea agreement and thus entitled him to withdraw his guilty pleas. In response, the State has argued that when [West] refused to allocute, the State decided to excuse specific performance of the allocation element of the plea agreement rather than rescind the plea agreement and proceed to trial. The State has further argued that [West] should not be permitted to benefit from his breach of the plea agreement by being permitted to withdraw his guilty pleas.
>
> ...
>
> When either party to the plea bargain breaches the agreement, the non-breaching party "is entitled to either rescission or specific performance of the plea agreement." Whether or not to require specific performance of the plea agreement or allow withdrawal of the plea agreement depends upon the unique circumstances of each case and lies within the sound discretion of the trial court.
>
> In the instant matter, it is clear from the record that [West] was the breaching party to the plea agreement. [West] appeared at the sentencing hearing and refused to allocute per the terms of the plea agreement. Thus the State had the right, though not the obligation, to rescind the plea agreement. For [West] to claim that he, as the party who breached the plea agreement, is entitled to benefit from his breach by withdrawing his guilty plea is akin to arguing that the party who breaches a contract should be rewarded for his breach.

*State v. West*, 2005 Ohio App. LEXIS 1006, 2005-Ohio-990, ¶¶28-30 (Ohio Ct. App. 2005) (citations omitted).

This Court finds no flaw in the state appellate court's analysis. Further, the state appellate court's holding was not an unreasonable application of federal law, as federal courts also enforce plea agreements under traditional principles of contract law. *See, e.g., Smith v. Stegall*, 385 F.3d 993, 999 (6th Cir. 2004) ("[P]lea agreements are contractual in nature. In interpreting and enforcing them, we are to use traditional principles of contract law."), *quoting*

11

*United States v. Robison*, 924 F.2d 612, 613 (6th Cir. 1991).

Therefore, ground two of West's petition should be dismissed.

**C.     Ground Three: Ohio Law and Due Process Required the Selection of a Three-Judge Panel to Hear Capital Cases**

In ground three of his petition, West alleges that his guilty plea was improperly entered before a single judge, because a capital case under Ohio law, consistent with due process of law, requires the selection of a three-judge panel to which evidence is presented.  (Doc. No. 1.) Respondent contends that West's claim is based purely on state law and is not cognizable upon habeas review.  (Doc. No. 7 at 13.)

Although West is represented by counsel, West fails to make a legally cognizable argument.[5]  West's argument that his plea should have been taken before a three-judge panel is based exclusively on state law, specifically O.R.C. § 2945.06 read *in pari materia* with Ohio Crim R. 11(C).  (Doc. No. 9 at 13-14.)  A federal court reviewing a petition for habeas corpus is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.  *See Estelle v. McGuire*, 502 U.S. 62, 68 (1991).  "A federal court may not issue the writ [of habeas corpus] on the basis of a perceived error of state law."  *Pulley v. Harris*, 465 U.S. 37, 41 (1984).  However, if the error is so egregious as to amount to a denial of fundamental fairness or of other federal rights, the federal court may grant the habeas petition.  *See id.*  West has not

---

[5] West makes the conclusory statement that the State, "by not following [its] law ... certainly resulted in a federal constitutional violation."  (Doc. No. 9 at 12.)  The only federal case cited by West in support of this argument is inapposite.  *See Fiore v. White*, 531 U.S. 225, 228-229 (2001) ("We have held that the Due Process Clause of the Fourteenth Amendment forbids a State to convict a person of a crime without proving the elements of that crime beyond a reasonable doubt.")

12

developed an argument that the alleged state law violation resulted in a deprivation of fundamental fairness except for the conclusory allegation that the alleged state law violation deprived him of due process.

Furthermore, West cannot demonstrate a clear error of state law. The Ohio Supreme has ruled that O.R.C. § R.C. 2945.06, construed *in pari materia* with Crim. R. 11(C), "does not require an examination of witnesses, determination of guilt, and pronouncement of sentence by a three-judge court if the accused is not charged with an offense punishable by death." *State ex rel. Henry v. McMonagle*, 721 N.E.2d 1051, 87 Ohio St. 3d 543, 544-545 (Ohio 2000), *citing Ullman v. Seiter* (1985), 18 Ohio St. 3d 59, 479 N.E.2d 875 (Ohio 1985). In *McMonagle*, the Ohio Supreme Court expressly found that because the appellant's indictment had been amended to delete any death-penalty specification prior to his guilty plea, "neither R.C. 2945.06 nor Crim. R. 11(C) required an examination and determination by a three-judge panel ..." *Id. citing Ullman*, 18 Ohio St. 3d at 60, 479 N.E.2d at 876.[6]

Absent a clear error of state law, West cannot demonstrate that his plea before a single judge resulted in a denial of fundamental fairness or other federal constitutional right. Consequently, ground three of West's habeas petition should be dismissed.

---

[6] By contrast, the Ohio Supreme Court has held that a three-judge panel must accept a guilty plea when there is a plea to a charge with a death penalty specification even where the State agrees not to seek the death penalty. *See State v. Parker*, 769 N.E.2d 846, 95 Ohio St. 3d 524, ¶10 (Ohio 2002). Although West's original indictment contained two charges with capital specifications, both of those charges were amended prior to West entering a negotiated plea agreement. The original count one alleging aggravated murder with a capital specification was reduced to a felonious assault charge with no specification and the original count two alleging aggravated murder with a capital specification was reduced to felony murder in violation of O.R.C. § 2903.02(B) with no specification. (Doc. No. 8, Exhs. E & N.)

## IV.  Conclusion

For the foregoing reasons, the Magistrate Judge recommends West's petition (Doc. No. 1) be DENIED.

/s/ Nancy A. Vecchiarelli<br>U.S. Magistrate Judge

Date: May 14, 2007

## OBJECTIONS

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of this notice.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).**