**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Nathaniel West,** | ) | **CASE NO. 1:06 CV 1123** |
| | ) | |
| **Petitioner,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **Margaret Bradshaw, Warden,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Respondent.** | ) | |

This matter is before the Court upon the Report and Recommendation of Magistrate

Judge Vecchiarelli (Doc. 10) which recommends denial of the Petition for Writ of Habeas

Corpus now pending before the Court.  For the following reasons, the Report and

Recommendation is ACCEPTED.

**Introduction**

Petitioner, Nathaniel West, commenced this action with the filing of a Petition for Writ of

Habeas Corpus pursuant to 28 U.S.C. § 2254.  Petitioner is incarcerated after being sentencing

upon a plea of guilty in the Lorain County Court of Common Pleas.  This matter has been fully

briefed and the Magistrate Judge issued her Report and Recommendation recommending that the

Petition for Writ of Habeas Corpus be denied.  Petitioner has filed Objections to the Report and

Recommendation.

**Standard of Review**

Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts

provides, "The judge must determine *de novo* any proposed finding or recommendation to which

objection is made.  The judge may accept, reject, or modify any proposed finding or

recommendation."

**Discussion**

The Ninth District Court of Appeals stated the following facts:

On April 1, 2003, the Lorain County Grand Jury returned a nine count indictment against
Appellant wherein he was charged with two counts of aggravated murder with capital
murder specifications; two counts of attempted aggravated murder; two counts of
kidnapping; two counts of aggravated burglary; and one count of felonious assault. The
indictment stemmed from the events of March 15, 2003 when Appellant broke into the
home of Kimberly Barker ("Barker"), assaulted her at knife-point, then killed Brent Tyler
("Tyler").

On May 2, 2003, Appellant pleaded not guilty by reason of insanity to all of the charges
contained in the indictment. On October 3, 2003, Appellant was found competent to
stand trial, and on February 23, 2004, Appellant withdrew his plea of not guilty by reason
of insanity and maintained his plea of not guilty to all of the charges.

On July 14, 2004, a plea hearing was held and the State announced that a plea agreement
was reached between Appellant and the State. Pursuant to the plea agreement, Appellant
agreed to plead guilty to the felonious assault of Tyler, as amended from aggravated
murder with a capital murder specification; the murder of Tyler, as amended from
aggravated murder with a capital murder specification; the kidnapping of Barker as
originally charged in the indictment; the aggravated burglary of Barker's home as
originally charged in the indictment; and the felonious assault of Barker as originally
charged in the indictment. The terms of the plea agreement further stated that Appellant
would be sentenced to a term of incarceration of fifteen years to life for the murder
conviction; two years incarceration for each of the felonious assault convictions; three
years incarceration for the kidnapping conviction; and three years incarceration for the
aggravated burglary conviction. It was agreed that the two year term of incarceration for
the felonious assault of Barker and the fifteen years to life term of incarceration for the

murder of Tyler would be served consecutively, the felonious assault term commencing first. The remaining terms of incarceration were to be served concurrently to the consecutive terms, resulting in Appellant being slated to serve seventeen years to life in prison for his crimes. Appellant also agreed to allocute his remorse to Tyler's family at the time of sentencing.

On July 23, 2003, Appellant's sentencing hearing was held at which time Appellant made an oral motion to withdraw his guilty plea. A hearing was held on his motion to withdraw his plea; the trial court denied his motion at the end of the hearing and proceeded to conduct Appellant's sentencing hearing. Contrary to the plea agreement, Appellant refused to allocute at the sentencing hearing. Regardless of his failure to allocute, the trial court proceeded to sentence Appellant to a term of incarceration of seventeen years to life pursuant to the terms of the plea agreement.

*State v. West*, 2005 WL 544820 (Ohio App. 9th Dist. March 9, 2005).

In his Petition for Writ of Habeas Corpus, petitioner asserts three grounds for relief:

Ground One: "Petitioner was denied due process of law when he entered a plea of guilty without petitioner being informed and receiving real notice of the true nature of the charge to which he was entering a plea of guilty which was an amended charge."

Ground Two: "Petitioner was denied due process of law when the court refused to allow petitioner to withdraw his plea of guilty. Petitioner did not understand the nature of the offense and the consequence of his plea and timely moved to withdraw his plea. Moreover petitioner should have been allowed to withdraw his plea where the prosecutor claimed there had been a breach of a plea bargain agreement."

Ground Three: "Petitioner was indicted in a capital case. Petitioner entered a plea of guilty before a single judge. The Ohio law, consistent with due process of law, required the selection of a three judge panel and the presentation of evidence to a three judge panel. No evidence was presented and no three judge panel was convened."

The Magistrate Judge concluded that none of the grounds have merit.  For the following

3

reasons, this Court agrees.

In Ground One, petitioner asserts that he was not informed of the true nature of the amended charges.  The Magistrate Judge stated, "Upon review of the transcript of the plea proceedings, it appears that the trial court read the amended charges into the record and explained to West the potential prison term he could face if he pled guilty to the charges." Petitioner asserts that the trial judge failed to identify or explain the elements of the amended charges and, consequently, his plea was not made voluntarily, knowingly, or intelligently. Petitioner relies on *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005) (citations omitted), which recognized that a defendant's

> guilty plea would indeed be invalid if he had not been aware of the nature of the charges against him, including the elements of the aggravated murder charge to which he pleaded guilty.  A guilty plea operates as a waiver of important rights, and is valid only if done voluntarily, knowingly, and intelligently, with sufficient awareness of the relevant circumstances and likely consequences.Where a defendant pleads guilty to a crime without having been informed of the crime's elements, this standard is not met and the plea is invalid.

The Supreme Court acknowledged, however, that

> we have never held that the judge must himself explain the elements of each charge to the defendant on the record. Rather, the constitutional prerequisites of a valid plea may be satisfied where the record accurately reflects that the nature of the charge and the elements of the crime were explained to the defendant by his own, competent counsel.

Further, "Where a defendant is represented by competent counsel, the court usually may rely on that counsel's assurance that the defendant has been properly informed of the nature and elements of the charge to which he is pleading guilty."

While petitioner asserts that nothing was stated on the record to inform him of any of the elements of the amended charges, the Magistrate Judge pointed out that counsel has not averred that he failed to explain the nature of the charges to petitioner.  Nor does counsel do so now.

4

Petitioner stated on the record that his attorneys had reviewed the plea agreement with him and that he was satisfied with their legal services.  The Sixth Circuit recognized in *Berry v. Mintzes,* 726 F.2d 1142 (6th Cir. 1984), that "a defendant should be presumed to have been informed adequately by his counsel of the charge to which he pleaded guilty even when the record is devoid of an explanation of the charge by the judge or of a representation by defense counsel that the nature of the charge has been explained to the defendant."  As in *Berry*, the presumption is particularly appropriate where, as here, petitioner was represented in the trial court by a very experienced criminal lawyer.[1]

Ground One has no merit.

Ground Two takes issue with the trial court's refusal to permit petitioner to withdraw his guilty plea.  Because, as discussed above, the plea was entered into voluntarily, knowingly and intelligently, the claim is unwarranted on this basis.  With regard to petitioner's assertion that the prosecutor claimed there had been a breach of the plea agreement, the Court agrees with the state appellate court's finding that as it was petitioner who breached the agreement, he had no right to withdraw his plea.

Ground Two is denied.

The Magistrate Judge determined that Ground Three is based purely on state law and, as a result, is not cognizable upon habeas review.  The Court agrees with the Magistrate Judge's findings in this regard and, accordingly, dismisses Ground Three.

For the foregoing reasons, petitioner has not demonstrated that the Petition for Writ of

---

[1] Petitioner has been represented by Paul Mancino, Jr. throughout all the proceedings, including the habeas petition.

Habeas Corpus should be granted.

### **Conclusion**

For the reasons set forth herein and for the reasons set forth in the Magistrate Judge's

Report and Recommendation, the Petition for Writ of Habeas Corpus is denied.  Further, this

Court hereby fully incorporates the Report and Recommendation by reference herein.

This Court now considers whether to grant a certificate of appealability (COA) pursuant

to 28 U.S.C. § 2253 which states in relevant part:

> \*\*\*
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from –
>
> > (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court . . .
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

In *Slack v. McDaniel*, 529 U.S. 473 (2000), the United States Supreme Court determined

that

> "[t]o obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "'adequate to deserve encouragement to proceed further.'"

*Id.* at 483-4 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983) ).

If the claim is not procedurally defaulted, then a habeas court need only determine

whether reasonable jurists would find the district court's decision "debatable or wrong." *Id.* at

484.  In instances where a claim is  procedurally defaulted, a COA should only issue if "jurists of

reason would find it debatable whether the petition states a valid claim of the denial of a

constitutional right *and* that jurists of reason would find it debatable whether the district court

was correct in its procedural ruling." *Id.* (emphasis supplied).

      For the reasons stated above and in the Report and Recommendation, this Court finds no

basis upon which to issue a certificate of appealablity.

      IT IS SO ORDERED.

                            /s/ Patricia A. Gaughan
                            PATRICIA A. GAUGHAN
                            United States District Judge

Dated: 9/24/07